# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHIMA ONYEAMA; JUSTINA ONYEAMA; DELPHINE ONYEAMA; TAMARA ONYEAMA, <br>   56 Gaffney Lane <br>   Willingboro, NJ 08046 <br><br>           Plaintiff <br><br> v. <br><br> ALEJANDRO MAYORKAS, in his official capacity, Secretary, U.S. Department of Homeland Security; <br> UR M. JADDOU, in her official capacity, Director, U.S. Citizenship and Immigration Services; <br> TED H. KIM, in his official capacity, Associate Director of Refugee, Asylum and International Operations, U.S. Citizenship and Immigration Services, <br>   2707 Martin Luther King Jr. Ave, SE <br>   Washington, DC 20528-0485 <br><br> MERRICK B. GARLAND, Attorney General, Office of Attorney General U.S. Department of Justice; <br>   950 Pennsylvania Avenue, NW <br>   Washington, DC 20530-0001 <br><br>           Defendant(s). | Civil Action No: 1:23-cv-833 |

## PLAINTIFFS' ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT

Sadaf Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 9511 Angola Court, Indianapolis, IN 46268, Ph: 312-767-9030, Facsimile: 312-549-9981, Email: sadaf@jeelani-law.com.

# INTRODUCTION

COME NOW CHIMA ONYEAMA, (hereinafter "Plaintiff CHIMA" or collectively "Plaintiffs"), JUSTINA ONYEAMA (hereinafter "Plaintiff JUSTINA" or collectively "Plaintiffs"), DELPHINE ONYEAMA (hereinafter "Plaintiff DELPHINE" or collectively "Plaintiffs"), TAMARA ONYEAMA (hereinafter "Plaintiff TAMARA" or collectively "Plaintiffs"), by and through the undersigned attorney in the above cause and state as follows:

1. This action is brought as a result of Defendants' failure to adjudicate Plaintiff CHIMA's Form I-589, Application for Asylum and Withholding of Removal, (hereinafter "Applications") within the statutory period of 180 days pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii). Plaintiff JUSTINA, Plaintiff DELPHINE, and Plaintiff TAMARA are the named derivatives on Plaintiff CHIMA's Form I-589 Application. As Plaintiff CHIMA's Application has been pending for over six years (over 73 months or 2223 days); Defendants have taken over 12 times the maximum statutory period they are given to adjudicate asylum applications.

2. Defendants are in violation of the Administrative Procedures Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application, which has been pending for over six years (over 73 months or 2223 days) with the United States Citizenship and Immigration Services.

3. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as USCIS Asylum offices are fully operational and conducting asylum interviews; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

## PARTIES

4. Plaintiff CHIMA ONYEAMA is a citizen of Nigeria and for purposes of this Mandamus, is a resident of Burlington County, New Jersey. Plaintiff CHIMA properly filed Form I-589, Application for Asylum and Withholding of Removal (Receipt Number: ZNK-170-003-8970) on February 24, 2017, with the United States Citizenship and Immigration Service.

5. Plaintiff JUSTINA ONYEAMA is a citizen of Nigeria and for purposes of this Mandamus, is a resident of Burlington County, New Jersey. Plaintiff JUSTINA is the named derivative on her spouse, Plaintiff CHIMA's, properly filed Form I-589, Application for Asylum and Withholding of Removal.

6. Plaintiff DELPHINE ONYEAMA is a citizen of Nigeria and for purposes of this Mandamus, is a resident of Burlington County, New Jersey. Plaintiff DELPHINE is the named derivative on her father, Plaintiff CHIMA's, properly filed Form I-589, Application for Asylum and Withholding of Removal.

7. Plaintiff TAMARA ONYEAMA is a citizen of Nigeria and for purposes of this Mandamus, is a resident of Burlington County, New Jersey. Plaintiff TAMARA is the named derivative on her father, Plaintiff CHIMA's, properly filed Form I-589, Application for Asylum and Withholding of Removal.

8. Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

9. Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

10. Defendant TED H. KIM is the Associate Director of Refugee, Asylum and International Operations ("RAIO"); he is an official generally charged with supervisory authority over all operations of USCIS Asylum Offices. This action is filed against him in his official capacity.

11. Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

12. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201, because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiffs. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, because Plaintiffs are seeking judicial review of inaction by one or more of the Defendants.

13. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

14. The Plaintiffs have repeatedly requested the Defendants to take action on their Application, both with USCIS directly and through their Congressman, Andy Kim.

15. The Plaintiffs have exhausted their administrative remedies. Plaintiffs have supplied USCIS with all documents and information that have been requested of them.

16. There are no further administrative remedies available for Plaintiffs to utilize.

**GENERAL ALLEGATIONS**

17. Plaintiffs are citizens of Nigeria.

18. On February 24, 2017, Plaintiff CHIMA properly filed Form I-589, Application for Asylum and Withholding of Removal with USCIS (Receipt Number: ZNK-170-003-8970). **[Exhibit A].**

19. On March 23, 2017, Plaintiff CHIMA, Plaintiff JUSTINA, Plaintiff DELPHINE, and Plaintiff TAMARA appeared for their biometrics appointment at the designated USCIS Application Support Center to provide their fingerprints and other biometrics. (ZNK-170-003-8970; ZNK-170-003-8980; ZNK-170-003-8990; and ZNK-170-003-9000, respectively). **[Exhibit B].**

20. In or around 2019, Defendants requested additional evidence from the Plaintiffs through the issuance of a Request for Evidence, which they responded to almost immediately through their immigration attorney for the underlying Application.

21. As of the date of this filing, Plaintiff CHIMA's Application remains unadjudicated for a period of over six years (over 73 months or 2223 days)**.**

22. Since 2017, USCIS has made no requests for evidence or information from the Plaintiffs.

23. Over the past six years (over 73 months or 2223 days), following the filing of the Application, Plaintiffs have made numerous inquiries with USCIS, directly as well as through their Congressman, Andy Kim, all to no resolve.

24. Plaintiffs' inquiries have not amounted to any meaningful responses by USCIS, nor have the Plaintiffs' persistent inquiries prompted USCIS to schedule the required interview or request

5

further information or evidence from the Plaintiffs. USCIS has only responded with generic statements providing that Plaintiffs' case is pending the scheduling of an interview.

25. Plaintiff CHIMA's Application has now been pending for a period of over six years (over 73 months or 2223 days).

26. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiffs to schedule an interview, which is the necessary next step in the adjudication process.

27. Defendant's delay and inaction is causing irreparable harm to Plaintiffs they are unable to commence life in the United States without living in fear of being forced to return to Nigeria, Plaintiff Tamara and Plaintiff Delphine could be subjected to female genital mutilation while Plaintiffs could be killed.

28. As a result of Defendant's inaction, Plaintiffs have incurred enormous costs and significant attorney's fees. Also, because of the Defendant's inaction, Plaintiffs have been deprived of the requested immigration relief as asylees, for which they are eligible.

## VIOLATION OF THE APA

29. All prior paragraphs are re-alleged as if fully stated herein.

30. Plaintiffs have a statutory right to apply for asylum and to be considered for relief under the same pursuant to 8 U.S.C. § 1158(a).

31. Defendants have a statutory duty to adjudicate asylum applications within 180 days of filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

32. The duty owed to Plaintiffs is ministerial and so plainly prescribed as to be clear and free from doubt.

33. No other adequate remedy is available to Plaintiffs.

34. Defendants have failed in their statutory duty to adjudicate the Application within 180 days filing pursuant to 8 U.S.C. § 1158(d)(5)(A)(iii).

35. As Plaintiffs' Application has been pending for over six years (over 73 months or 2223 days); Defendants have taken over 12 times the maximum statutory period they are given to adjudicate asylum applications.

36. Defendants' delay in this case is, as a matter of law, arbitrary, in violation of Plaintiffs' due process rights and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to take action on the Plaintiff CHIMA' Application.

37. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on the Plaintiff CHIMA's Application for a period of over six years (over 73 months or 2223 days) and have failed to carry out the adjudicative functions that are delegated to them by law with regard to Plaintiffs' case.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray:

1. That Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff CHIMA's Asylum Application;

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff CHIMA's Application immediately;

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper.

Date: March 28, 2023                      Respectfully submitted,

    /s Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq. (IN0013)**
**JEELANI LAW FIRM, PLC**
**9511 Angola Court**
**Indianapolis, IN 46268**
**sadaf@jeelani-law.com**
**Phone:(312) 767-9030**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*